there is no lien on the land, and hence no power in the trustees to lease.

The motion is denied.

---

(30 Misc. Rep. 454.)

### LEVENSON v. GILLEN PUB. CO.

(Supreme Court, Appellate Term. February 8, 1900.)

ACCORD AND SATISFACTION—RETAINING CHECK—ASSENT.

Where defendant sent plaintiff a check for $150, for work performed, the contract price of which was $204, stating that it was in full payment thereof, because the work was unsatisfactory, and plaintiff credited the amount and demanded the balance, there was no accord and satisfaction; there having been no previous dispute as to the amount, and there being no agreement by the plaintiff to accept the check as full payment.

Appeal from municipal court, borough of Manhattan, Fifth district.

Action by Meyer Levenson against the Gillen Publishing Company. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-TRITT, JJ.

John Bogart, for appellant.

Jones Cochrane, for respondent.

LEVENTRITT, J. The defendant's plea of accord and satisfaction was, we think, erroneously allowed below. The plaintiff had performed work, labor, and services for the defendant, of which the contract price was $204.05. After the services had been rendered, the defendant forwarded to the plaintiff a check, in a letter reading, in part:

"Inclosed please find check for $150.00 in settlement of your bill. I consider same a very liberal amount, on account of your very unsatisfactory work."

Prior to this time there had not been, so far as appears from the evidence, any complaint or dispute regarding the character of the work or the amount of the bill. Promptly upon receipt of the check, the plaintiff, retaining it, wrote to the defendant, in part, as follows:

"Yours of the 5th inst. was duly received, covering check for $150.00, which has been credited to your account. I cannot accept the same in full for my bill. * * * I hereby inform you that I shall deliver you no more goods of any kind until I receive a certified check or the cash for the full amount of my balance, viz. $54.05, to settle my bill with you."

This statement of facts shows that there was no accord and satisfaction. The check was not tendered in full satisfaction after a dispute between the parties. There is no element of assent, either express or implied, on the part of the plaintiff; nor is there consideration to support the new agreement which underlies a legal accord. We have recently had occasion, in several cases, to pass upon the principles determining an accord and satisfaction, on similar facts; and it is unnecessary to repeat them here, beyond stating that the mere retention of a check, under the circumstances disclosed, does not bar an action for the balance. Amer v. Folk, 28 Misc. Rep. 511, 59 N. Y. Supp. 532; Kruger v. Geer, 26 Misc. Rep. 772, 56 N. Y. Supp. 1015. The judgment must be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.

FREEDMAN, P. J., concurring.

MacLEAN, J.   I concur, on the authority of Brake Co. v. Prosser, 157 N. Y. 289, 301, 51 N. E. 986.

